IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEVIN RAY MABRY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:12-CV-02170-M-BK |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

This case has been referred to the undersigned for Findings, Conclusions, and Recommendation and is now before the Court on Defendant's *Motion to Dismiss*. (Doc. 12). For the reasons that follow, it is recommended that the motion be **DENIED**.

Plaintiff filed an application for Supplemental Security Income, which was ultimately denied by an Administrative Law Judge on January 24, 2011. (Doc. 12-1 at 3). On May 2, 2012, the Appeals Council denied review and mailed to Plaintiff a notice of the decision advising him that he had 60 days from the date of receipt to seek review in this Court. *Id.* at 3, 7. The letter advised Plaintiff that the 60-day period would start to run five days after the letter was dated, i.e., on May 7, 2012. Plaintiff filed his complaint seeking review of the Commissioner's decision on Monday, July 9, 2012. (Doc. 1). In his complaint, he acknowledged that his filing was one business day late and that it should have been filed on Friday, July 6, 2012. *Id.* at 1. Plaintiff's counsel explained that the complaint was untimely due to counsel's personal and medical reasons, not because of any fault on Plaintiff's part. *Id.*

Defendant now moves to dismiss Plaintiff's complaint as untimely. (Doc. 12). He

acknowledges that the 60-day limitation period can be extended in rare cases, but contends that no extraordinary circumstances are presented here that would justify an extension. *Id.* at 4-5.

Plaintiff's counsel responds that she is a solo practitioner and, on the date Plaintiff's complaint was due to be filed, she was suffering from a severe migraine headache. (Doc. 16 at 1). She requests that the Court permit the filing of the complaint one day late.

Title 42 U.S.C. § 405(g) provides that a civil action seeking judicial review of the final decision of the Commissioner must be commenced within 60 days after the mailing of notice of such decision. In *Bowen v. City of New York*, 476 U.S. 467, 479-80 (1986), the Supreme Court held that equitable tolling can apply to the 60-day period for seeking judicial review of the Commissioner's decision denying benefits. In Plaintiff's complaint, counsel acknowledged that the complaint was filed one day late due to her medical issues. Under the circumstances described by counsel as set forth in Plaintiff's complaint and in response to Defendant's *Motion to Dismiss*, and given the delay in filing of only one day, the undersigned finds that equitable tolling is warranted in this case. *But see Barrs v. Sullivan*, 906 F.2d 120, 122 (5th Cir. 1990) (denying equitable tolling of 60-day period where more than nine months passed between the time the Appeals Council sent the notice of denial and the time the plaintiff filed his complaint in the district court). Accordingly, it is recommended that Defendant's *Motion to Dismiss* (Doc. 12) be **DENIED**.

**SO RECOMMENDED** on January 18, 2013.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE